IN THE CIRCUIT COURT OF PANOLA COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

HENRY FRANK HALL                                PLAINTIFF

VS.                                                NO. CV 2014-14JMP2

LIBERTY MUTUAL GROUP, INC., THE OHIO
CASUALTY INSURANCE COMPANY, MONTGOMERY
INSURANCE, LIBERTY MUTUAL INSURANCE,
FICTITIOUS DEFENDANTS X,Y AND Z               DEFENDANT

## COMPLAINT

COMES NOW the Plaintiff, Henry Frank Hall (Henry), by and through his attorney and files this his Complaint against the Defendants, Liberty Mutual Group, Inc., The Ohio Casualty Insurance Company, Montgomery Insurance, Liberty Mutual Insurance and fictitious defendants X, Y and Z (collectively referred to herein as Liberty Mutual) and as basis therefor would respectfully show unto the Court the following:

I.

Henry is an adult resident citizen of Baldwyn, Lee County, Mississippi having as his post office and street address 337 Lake Drive, Baldwyn, Mississippi 38824.

Defendant, Liberty Mutual Group, Inc., is a Massachusetts insurance corporation having its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116. The Ohio Casualty Insurance Company (Ohio), is a Liberty Mutual Company having a home office located at 62 Maple Avenue, Keene, New

1



JAN 24 2014



Hampshire 03431. Ohio has the same mailing address as above stated for Liberty Mutual Group, Inc.

Montgomery Insurance is not listed with the Insurance Commission of the State of Mississippi, but on information and belief, is also a Liberty Mutual Company.

Liberty Mutual Group, Inc., and The Ohio Casualty Insurance Company have both qualified to do business in the state of Mississippi and both have appointed as their registered agent for service of process upon whom process may be had in this cause CORPORATION SERVICE COMPANY (a/k/a United States Corporation Company), 506 South President Street, Jackson, MS 39201.

All of said Defendants operate their various insurance companies under the Liberty Mutual Insurance name and all are members or subsidiaries of Liberty Mutual Group, Inc.

Fictitious Defendants X, Y and Z are any other entity unnamed herein affording coverage or benefits to Henry for the accident hereinafter set forth or who afforded coverage providing those benefits to him for injuries he sustained in the accident herein described under a policy or policies of insurance covering the host vehicle whose names will be added herein once ascertained.

II.

On or about February 9, 2011, Henry was in a motor vehicle accident which occurred in Panola County, Mississippi from which accident he suffered injuries as hereinafter set forth. This case

concerns said accident and a policy or policies of insurance issued by Liberty Mutual providing coverage on the vehicle in which Henry was a guest passenger which afford certain benefits including uninsured/underinsured motorist coverage to Henry pertaining to that accident. Therefore, this Court has jurisdiction of the parties and the subject matter involved.

III.

As aforementioned, on or about February 9, 2011, Henry was a guest passenger in a motor vehicle owned by a Mississippi corporation, Delta Constructors, Inc., Henry's employer (Delta). Said vehicle was being operated by another employee of Delta, Ed Simmons, Henry's superior. Said vehicle was stopped heading southbound on the shoulder of U.S. Highway 55, which at said point is a four-lane paved interstate highway with two lanes designated for southbound traffic and two lanes designated for northbound traffic. At said time and place, a vehicle being operated by Norman K. Snow (Snow), an adult resident citizen of Southaven, Mississippi, was traveling southbound on U.S. Highway 55. Snow suddenly and without warning drove his vehicle into the vehicle of the Delta vehicle then and there occupied by Henry striking same with great force and violence.

As a result of the accident and collision, Henry was tossed hither and thither about the motor vehicle in which he was a passenger and was severely and permanently injured. The sole

3

proximate cause of the accident and collision and Henry's resulting injuries was the negligence of Snow in the operation of his motor vehicle in failing to keep his vehicle under proper control, driving at a negligent and reckless rate of speed under the conditions then and there prevailing, failing to keep a proper lookout for other vehicles utilizing the roadway, driving his vehicle into the vehicle then and there occupied by Henry, failing to exercise all due and reasonable care in the operation of his motor vehicle at the time of said collision, as well as other acts of negligence.

IV.

As a result of the accident and injuries sustained by Henry therein, Henry incurred extensive medical bills for the treatment of his injuries and lost significant time from work. Since the accident and collision, Henry has suffered severe physical pain and suffering and resulting mental anguish from his new injuries and aggravation of pre-existing conditions of Henry. His nervous system has been greatly impaired and will ever be. The injuries sustained by Henry were permanent in nature and duration and Henry will continue to incur medical expenses in the future for the treatment of said injuries all as a result of the negligence of Snow.

V.

At the time of the accident hereinabove described, Henry was

4

acting in the course and scope of his employment with Delta. Delta's worker's compensation carrier, Associated General Contractors of Mississippi, Inc., paid certain benefits under their worker's compensation coverage for the injuries sustained by Henry in this accident, both compensation and medical benefits, and said claim is presently before the Mississippi Worker's Compensation Commission.

VI.

At the time of the aforementioned accident, Snow had an automobile liability insurance policy with MetLife Auto and Home (MetLife) with liability policy limits of $50,000.00 available to Henry for the injuries sustained by him as a result of this accident. Through their local counsel, MetLife agreed to pay their policy limits of $50,000.00 to settle Henry's claims against Snow as set forth on the letter from Thomas Y. Page, MetLife's attorney, to Henry dated July 31, 2013, a copy of which is attached hereto as exhibit "A".

VII.

Further, Delta had a policy of insurance with Liberty Mutual, (The Ohio Casualty Insurance Company), on the vehicle in which Henry was riding which, according to information provided by William Brewer, adjuster for Liberty Mutual, has an aggregate stacked coverage of uninsured/underinsured motorist benefits in the amount of $1,000,000.00 for this accident. This information was

5

provided to Henry after notice of the accident and his underinsured claim was received by Liberty Mutual.

## VIII.

Henry's damages for the injuries sustained in this accident greatly exceed the $50,000.00 liability limits of Snow's insurance policy with MetLife. No settlement of the underinsured claim has been forth coming as of the filing of this suit. Further, Liberty Mutual has made a determination that they will not waive their statutory and contractual rights of subrogation against Snow as shown by the correspondence from MetLife's attorney to the undersigned, which is attached hereto and incorporated herein by reference as Exhibit "B".

## IX.

The coverage of Liberty Mutual under the policy on the vehicle in which Henry was a guest passenger affords benefits for all sums which Henry was legally entitled to recover for damages from the owner or operator of an uninsured/underinsured vehicle as a result of this accident. As aforementioned, Liberty Mutual has opted not to waive their subrogation rights against Snow and therefore, Henry is unable to consummate any settlement with Snow's insurance company, MetLife. As aforementioned, the damages suffered by Henry in the accident are significantly more than the limit of liability under the MetLife insurance policy and by virtue of applicable law, said vehicle is underinsured. Henry is, therefore, entitled to recover under the uninsured/underinsured motorist provisions of the

Liberty Mutual policy on the vehicle in which he was a guest passenger.

X.

Henry has properly presented his claim for underinsured motorist benefits to Liberty Mutual and has performed all condition precedent to his right to recover from them under said policy of insurance and the uninsured/underinsured motorist provisions thereof. Due to the nature and extent of Henry's injuries, the medical bills and lost wages which he has already sustained and the medical bills and lost wages he is certain to incur in the future because of a continuation of treatment for his injuries justify Henry's receiving all of the uninsured/underinsured motorist benefits available under the Liberty Mutual policy.

WHEREFORE, PREMISES CONSIDERED, Henry demands judgment against Liberty Mutual in the sum of $1,000,000.00 for the injuries sustained by him in the above referenced accident.

Respectfully submitted,

FERRELL & MARTIN, P. A.
POST OFFICE BOX 146
BOONEVILLE, MISSISSIPPI 38829
TELEPHONE (662) 728-5361
MISSISSIPPI BAR NO. 5181

BY: _____
John A. Ferrell
Attorney for Plaintiff



**PAGE KRUGER & HOLLAND**
ATTORNEYS AND COUNSELORS AT LAW

Thomas Y. Page
TPAGE@PAGEKRUGER.COM

*Street Address:*
10 Canebrake Blvd., Ste. 200
Jackson, Mississippi 39232-221

*Mailing Address:*
Post Office Box 1163
Jackson, Mississippi 39215-116

Phone (601) 420-0333
Fax (601) 420-0033

www.pagekruger.com

*A Professional Association*

July 31, 2013

Mr. Frank Hall
337 Lake Dr.
Baldwin, Mississippi 38824

Re:  Date of accident:   February 9 2011
     Our client:         Norman Snow
     PKH No:             2213.035

Dear Mr. Hall:

Based on our recent telephone conversation I felt compelled to make sure you knew who I represented and what my client, Norman Snow, and his Insurance company, MetLife, have offered to do financially following your release from medical care.

This is simply factual information.

Without admitting fault for the accident on the part of Mr. Snow, MetLife agreed to pay the applicable liability policy limits of $50,000.00 to settle your claims against Mr. Snow. I was retained simply to work with your workers compensation insurer's attorney, Lori Graham, to make sure the Workers Comp Commission properly approved the settlement.

Since that time you have called my office on a few occasions to inquire about delays in completing the settlement process.

Consistent with the short conversations you and I had, I am confirming MetLife, for Mr. Snow, is and has been ready to fund and complete the settlement with you consistent with the basic terms set out above.

I have not and will not offer you any legal advice. If you have hired an attorney or if you do hire an attorney I will be happy to talk with them.

With kind regards, I am

Very truly yours,

**EXHIBIT**
A

Frank Hall
July 31, 2013
Page 2 of 2

PAGE KRUGER & HOLLAND, P.A.



THOMAS Y. PAGE

typ

c:    Norman Snow
    7737 Custer Cove
    Southaven, MS 38671

    Julie Helms               Claim Number:    CHF01733
    Senior Casualty Adjuster
    MetLife Auto & Home
    PO Box 410300
    Charlotte, North Carolina 28241

Subject: Frank Hall v Norman Snow (22-135553)
From: Jay Atkins (jay.atkins@leitnerfirm.com)
To: johnaferrell@att.net;
Date: Thursday, September 26, 2013 2:30 PM

John,

Per our call today, you are free to speak with the insurance adjuster, William Brewer at Liberty Mutual, regarding settlement of the UIM claim. His contact information is below. You need not involve me in those discussions. My instructions are to place my file on hold unless and until you and he are unable to settle the claim.

Regarding the waiver of subrogation request, my client has decided not to waive subrogation. However, we stand ready to advance $50,000 to your client in consideration for an assignment of his claim against the tortfeasor up to that amount. Of course, he would have to resolve the workers' compensation lien in order to receive payment from the $50,000.

Please wait until the week after next to call Mr. Brewer. Please include his claim number on any correspondence. Thank you.

William (Bill) Brewer | Senior Specialist II

Liberty Mutual Insurance

Commercial Insurance Claims

Auto Liability - Southeast Region

(O) 706-757-2485  (F) 888-268-8840

william.brewer@libertymutual.com



EXHIBIT B

*Jay M. Atkins, Esq.*
about:blank

1/2

*Licensed in Mississippi and Tennessee*
*Leitner, Williams, Dooley & Napolitan, PLLC*
*317 Heritage Drive*

*Suite 3*

*Oxford, Mississippi 38655*
*(662) 236-7705*
*(662) 236-7706*